**Claudia Liseth CORONADO,**
Petitioner,

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–73990.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 16, 2006.

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Aviva L. Poczter, Esq., Gjon Juncaj, Esq., DOJ-U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

MEMORANDUM **

Claudia Liseth Coronado, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an Immigration Judge's order denying her application for asylum and withholding of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We review for substantial evidence, *Lim v. INS*, 224 F.3d 929, 933 (9th Cir.2000), and we dismiss in part and deny in part the petition for review.

■ We lack jurisdiction to review the BIA's order denying Coronado's asylum application as untimely. *See Ramadan v. Gonzales*, 427 F.3d 1218, 1222 (9th Cir. 2005) (holding that the Court lacks jurisdiction to review the agency's determination that an asylum application was not filed within one year after the last entry into the United States).

■ Substantial evidence supports the BIA's determination that Coronado does not possess a reasonable fear of future persecution. Although Coronado testified that she witnessed guerillas kill her brother in 1980, and that guerillas threatened her and her family, she also testified that her father continues to live in Guatemala without incident. Neither her testimony, nor any other evidence in the record, compels the conclusion that Coronado showed a "clear probability" that she will be persecuted upon returning to Guatemala. *See INS v. Stevic*, 467 U.S. 407, 424, 429–30, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984) (describing the standards for withholding of removal); *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (requiring a court to uphold an agency decision unless the record compels a contrary result). Consequently, substantial evidence supports the BIA's order denying withholding of removal. Coronado's remaining contentions lack merit.

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft*, 365 F.3d 741, 750 (9th Cir.2004).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**